

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# Judhiawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3173

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Judhiawan v. Atty Gen USA" (2005). *2005 Decisions.* Paper 345.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/345

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3173
_____


TAUFAN JUDHIAWAN,
                                        Petitioner


v.
*ALBERTO R. GONZALES,
Attorney General of the United States,
                                        Respondent

*(Substituted pursuant to Fed. R. App. Rule 43(c))
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No.  A79-318-003)
_____


Submitted Under Third Circuit LAR 34.1(a)
October 21, 2005

Before: SMITH, BECKER and NYGAARD, *Circuit Judges*

(Filed:   October 26, 2005)


_____

OPINION
_____


BECKER, *Circuit Judge.*

Taufan Judhiawan, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Judhiawan's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The facts upon which the petition is based are tersely stated in Judhiawan's brief as follows:

> Petitioner had been forced to endure persecution and humiliation during his life in Indonesia from native Indonesians. This persecution stemmed from the fact that Petitioner was ethnic Chinese and Christian. Petitioner and his family were not free to practice their religion in Indonesia. Petitioner has been extorted since he was at school. His family business was looted and burned during the 1998 riot. These events had progressed to such a point that the Petitioner no longer felt safe in Indonesia, as he and his family have had been repeatedly threatened by the Native Indonesian.

Judhiawan's testimony illuminates his contentions. As a young student, he was forced to study Islam against his will **(NT, page 20)**, and was struck by a native Indonesian in the eye when he told the assailant that he had no money to give him; when he reported the incident to a teacher, the teacher did nothing. **(NT, page 21)** In 1988, he and his mother were riding on a motorcycle and passed a police officer. The police officer stopped Judhiawan and asked for his license, which he did not have with him, and the police officer struck him on the head. Judhiawan and his mother gave the police officer money, and the incident came to an end—but not before the officer told Judhiawan that "this is not your country." **(NT, page 22-23)**

2

In 1998, Judhiawan's father called him to tell him that the father's business had been looted during rioting. **(NT, page 24)** The same riots spread to the hotel where Judhiawan worked. **(NT, page 25)** He and the other hotel employees hid and when the rioting was over, they saw that the rioters had done major damage to the hotel and other businesses in the area. **(NT, page 27)**

Judhiawan's argument, succinctly stated, is that the IJ's finding that his testimony is not credible is not supported by substantial evidence on the record as a whole and that the IJ erred in not granting him asylum because he has suffered past persecution and has a well-founded fear of future persecution if he returns to Indonesia. We will deny the petition for review.

Judhiawan recites a number of incidents that occurred in Indonesia which suggest hostility on the part of the majority Muslim population against the minority of ethnic Chinese Christians. Our standard of review is extremely deferential; we must uphold the IJ's findings if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)), and may not reject them "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Under this standard, it is clear that the IJ's conclusion that Judhiawan had neither established past persecution nor a well-founded fear of future persecution, and so was not eligible for asylum, is supported by substantial evidence.

3

That the incidents and events recounted in the record do not amount to persecution is made clear by our discussion in *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), where we rejected similar claims of persecution by an ethnic Chinese Christian in Indonesia. Concomitantly, we note that there is no allegation of government-sponsored persecution, which, if present, could support an asylum case. And there is no evidence of a pattern or practice of persecution against individuals of Chinese descent in Indonesia at this time. *See id.* at 537-38.

Judhiawan's claims of religious (as opposed to ethnic) persecution also fail. He testified that he was not free to practice his Christian religion in Indonesia, at least as freely as in the United States. Not only are his claims vague and conclusory, but the State Department reports that the Indonesian "Constitution provides for freedom of religion for members of officially recognized religion [including Christianity] . . . and the Government generally respects this right in practice . . . ." United States Department of State, *International Religious Freedom Report* 150 (2001). *See also Lie*, 396 F.3d at 537-38.

The petition for review will be denied.